J-S37026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
OTIS JOSEPH :
:
Appellant : No. 3647 EDA 2018

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208371-2005,
CP-51-CR-0508241-2004, CP-51-CR-0508251-2004,
CP-51-CR-0806691-2005

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 16, 2020**

Appellant Otis Johnson appeals from the order dismissing his timely first
petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-
9546. Although Appellant raises several challenges to the dismissal of his
petitions, we are constrained to remand these matters for further proceedings
to determine whether this appeal is properly before this Court.

The PCRA court summarized the procedural history as follows:

> The underlying matter concerned [convictions imposed] following
> two lengthy jury trials involving four separate sets of bills of
> information, in which Appellant was convicted of sexually
> molesting five different children[, J.R., A.M., C.W., SY.W., and
> SD.W].[fn1] Appellant was tried between June 13, 2005 and June
> 24, 2005 [for the charges in CP-51-CR-0508241-2004 and CP-51-
> CR-0508251-2004 (the first trial)]. Following [the first trial], the
> jury convicted Appellant [of numerous offenses concerning J.R.
> and A.M., including rape, involuntary deviate sexual intercourse,
> sexual assault, statutory sexual assault, indecent assault,

endangering the welfare of a child, and corrupting the morals of minor.] Appellant was represented at [the first] trial by Keith Dews, Esq.

> [fn1] The matters were assigned to the [trial court] after the Honorable Carolyn Engel Temin heard and decided opposing motions for consolidation/severance. Judge Temin decided that the allegations involving the five children should be tried in two separate trials: one involving the two sets of bills and concerning allegations involving two children and the other involving the other two sets of bills and concerning the allegations involving the other three children. The matters were tried before different juries at different times, and were then consolidated for sentencing.

Following [the first trial], Appellant discharged [Attorney] Dews and retained Tariq El-Shabazz, Esq. . . . The jury trial [for the charges in CP-51-CR-0208371-2005 and CP-51-CR-0806691-2005 (the second trial)] began on November 7, 2005 and concluded on November 28, 2005. That trial concerned allegations of sexual assault of[ C.W., SY.W., and SD.W.]. At the conclusion of [the second trial], the jury convicted Appellant of [numerous offenses concerning C.W., SY.W., and SD.W., including aggravated indecent assault, indecent assault, endangering the welfare of a child, and corrupting the morals of a minor.]

. . . On May 5, 2006, a Megan's Law hearing was held in which [the trial court] found Appellant to be a sexually violent predator. On June 26, 2006, [the trial court] sentenced Appellant to consecutive standard range sentences for all of the guilty verdicts that did not merge. The cumulative sentence was thirty three and a half (33½) to sixty seven (67) years' imprisonment.

Following a direct appeal, the Superior Court of Pennsylvania affirmed the judgments of sentence on October 24, 2011. [**Commonwealth v. Joseph**, 2393 & 2394 EDA 2009 (Pa. Super filed Oct. 24, 2011) (unpublished mem.)]. On March 2[1], 2012, the Pennsylvania Supreme Court denied [Appellant's petitions for allowance of appeal. **Commonwealth v. Joseph**, 627 & 628 EAL 2011 (Pa. filed Mar. 21, 2012)]. On March 11, 2013, Appellant timely filed a *pro se* [PCRA petition]. Appellant listed all four CP numbers and noted that he was convicted of rape (two counts); [involuntary deviate sexual intercourse] (two counts); sexual assault; statutory sexual assault (two counts); indecent assault;

endangering the welfare of a child; and corrupting the morals of a minor. [PCRA counsel] was appointed in December 2013. On November 17, 2017, [PCRA counsel] filed an amended PCRA [petition] on behalf of Appellant [claiming that (1) Appellant's trial counsel were ineffective for failing to call character witnesses on Appellant's behalf and (2) Appellant was sentenced in violation of **Alleyne v. United States**, 570 U.S. 99 (2013)].

PCRA Ct. Op., 5/13/19, at 1-3 (some footnotes omitted) (some formatting altered).

The PCRA court apparently issued Pa.R.Crim.P. 907 notices of its intent to dismiss Appellant's petitions, and on September 27, 2018, Appellant filed *pro se* responses listing two of the four trial court docket numbers and asserting that PCRA counsel was ineffective.[1]  Appellant requested that the PCRA court appoint new counsel or hold a **Grazier**[2] hearing and asked for leave to amend his petition.  The PCRA court did not act on Appellant's *pro se* responses to its Rule 907 notices.

On November 16, 2018, the PCRA court issued an order listing all four trial court docket numbers and dismissing Appellant's petitions.  The copies of

_____

[1] The appeal inventories in all four cases suggest that the PCRA court issued a Rule 907 notice in all four cases at some time between September 18, 2018, and November 16, 2018.  However, none of the four records contain a copy of the Rule 907 notice, and only the records in CP-51-CR-0208371-2005 and CP-51-CR-0806691-2005 contain Appellant's *pro se* responses.  In those filings, Appellant alleged that the PCRA court's Rule 907 notices were dated September 14, 2018, and he received them on September 19, 2018.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

the order in all four records stated: "Appeals must be filed within thirty (30) days of the entry of this Order . . . ." *See* Order, 11/16/18, at 1.

Appellant filed a *pro se* notice of appeal that was docketed in all four cases on December 18, 2018.[3] The four records each contain an identical copy of the *pro se* notice of appeal. Specifically, it appears that the clerk of the court stamped a single notice of appeal as received on December 18, 2018, photocopied it, and placed a copy in each of the four records.

The PCRA court issued orders for Appellant to file and serve a Pa.R.A.P. 1925(b) statement. Appellant timely filed a *pro se* Rule 1925(b) statement. The PCRA court filed a responsive opinion addressing the two claims raised in Appellant's amended PCRA petition. The PCRA court's opinion did not refer to or address Appellant's *pro se* responses to the Rule 907 notices.

Although PCRA counsel remained counsel of record, he took no actions with respect to Appellant's appeals until February 3, 2019, when he filed a docketing statement in this Court. Next, on July 15, 2019, PCRA counsel filed a motion for an extension of time to file an appellate brief. In that motion, PCRA counsel stated that he had health issues in "late December 2018/early

---

[3] Appellant handwrote a date of December 10, 2018, on his notice of appeal and accompanying paperwork. The four records include a copy of the envelope in which Appellant sent his notice of appeal. However, the date of the postage stamp is illegible due to the quality of the copies in the record.

As discussed below, the clerk of the court docketed Appellant's *pro se* notice of appeal one day after the thirty-day period to appeal ended on December 17, 2018. *See* Pa.R.A.P. 903(a); *see also* 1 Pa.C.S. § 1908.

January 2019" which resulted in a hospitalization in February 2019, as well as two outpatient surgeries in April and May of 2019.  Pet. for Extension of Time, 7/15/19 at 2-3.  PCRA counsel indicated that he "expect[ed] that he may" file a *Turner*/*Finley*[4] letter brief.  *Id.* at 3.

On August 14, 2019, Appellant's present counsel entered his appearance in this Court.  PCRA counsel withdrew by filing a *praecipe*.  PCRA counsel passed away while this appeal was pending.

After Appellant filed his appellate brief through present counsel,[5] this Court issued a rule to show cause directing Appellant to address the timeliness of Appellant's notice of appeal and *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).  Order, 1/7/20, at 1.  Appellant did not respond to the rule to show cause.  Nonetheless, on April 1, 2020, this Court discharged the rule to show cause and referred the issues to this panel.  Order, 4/1/20, at 1.  The Commonwealth subsequently filed its responsive appellate brief.[6]

Before addressing Appellant's claims, we consider whether Appellant timely filed his *pro se* notice of appeal.  Additionally, we consider whether Appellant's *pro se* notice of appeal complied with the requirements of *Walker*

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Appellant's brief did not address the timeliness of Appellant's *pro se* notice of appeal or *Walker*.

[6] Although the Commonwealth did not request quashal of these matters, the Commonwealth noted that Appellant failed to file separate notices of appeal for each of the four docket numbers listed in the order dismissing his PCRA petition.  Commonwealth's Brief at 11 n.5.

and this Court's *en banc* decision in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*).

"It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and quotation marks omitted). Generally, an appellant invokes this Court's jurisdiction by filing a notice of appeal within thirty days of the entry of the order being appealed. **See** Pa.R.A.P. 903(a).

The Pennsylvania Supreme Court has stated that a *pro se* prisoner's notice of appeal will be deemed filed when it is placed in a prison mailbox or deposited with prison authorities. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox" rule). The *pro se* prisoner, however, "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." **Id.**

**Jones** instructs that courts should be "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." **Id.** Examples of such evidence include postmarks on the envelope used to mail the notice of appeal or postal forms that indicate the date of mailing. **Id.** The prisoner may also produce a cash slip "noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing," or an "affidavit attesting to the date of deposit." **Id.**

Evidence regarding the prison's or court's mail policies may also establish the last possible date on which an appeal was delivered to prison officials. *Id.*

Additionally, in *Walker*, our Supreme Court held on June 1, 2018, that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Walker*, 185 A.3d at 971. The *Walker* Court explained that "[t]he Official Note to [Pa.R.A.P.] 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Id.* at 976-77. Further, the Court announced that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." *Id.* at 977. "The failure to do so," the Court continued, "will result in quashal of the appeal." *Id.* (footnote omitted).

In *Johnson*, the appellant took appeals from judgments of sentence entered in four separate dockets by filing similar notices of appeal in each case. *Johnson*, 236 A.3d at 1144. The *Johnson* Court concluded: "Because [the appellant] appealed from four docket numbers and filed four notices of appeal, [the appellant] has complied with *Walker*. The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals." *Id.* at 1148. However, the *Johnson* Court reaffirmed the proposition that "the clerk of courts cannot perfect an appeal at multiple dockets when a lawyer fails to file separate notices." *Id.* at 1147 n.5 (citation omitted).

Instantly, the PCRA court entered the order dismissing Appellant's petition on November 16, 2018, and the time for filing timely notices of appeal ended on Monday, December 17, 2018. **See** Pa.R.A.P. 903(a); **see also** 1 Pa.C.S. § 1908. The order appears on the dockets in all four cases with notations that the order was served on PCRA counsel.

As noted above, Appellant handwrote a date of December 10, 2018 on his *pro se* notice of appeal and accompanying paperwork. However, the dockets indicate that the clerk of the court did not receive Appellant's *pro se* notice of appeal until December 18, 2018, one day after the thirty-day period for taking an appeal ended. The postage mark on Appellant's mailing is unreadable based on the copies included in the certified record transmitted to this Court.

Additionally, it appears on the face of the record that when filing his notice of appeal *pro se*, Appellant did not comply with **Walker.** The fact that Appellant filed a *pro se* notice of appeal bearing a caption with all four trial court docket numbers does not necessarily in and of itself require quashal. **See Johnson**, 236 A.3d at 1148. However, the filing of a singular notice of appeal, when separate notices of appeal are required at each trial court docket number may implicate non-compliance with **Walker**.[7] **See id.** at 1147, n.5.

_____

[7] The PCRA court here properly advised that Appellant was required to file "appeals" from its order dismissed PCRA petition at all four trial court docket numbers. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (reaffirming that quashal based on a violation of Walker is

We note that Appellant did not address the timeliness of his appeal nor the requirements of **Walker** in his appellate brief filed by present counsel. Moreover, Appellant did not file a response to this Court's rule to show cause raising timeliness and **Walker** issues issued after the filing of his appellate brief.

Although this Court may consider quashal of Appellant's *pro se* notice of appeal based on its apparent untimeliness and facial non-compliance with **Walker**, **see Crawford**, 17 A.3d at 1282; **Johnson**, 236 A.3d at 1147 n.5., other factors should be considered. This Court has held that "fraud or breakdown in the trial court's processes" may excuse the otherwise untimely filing of an appeal and a party's failure to comply with **Walker**. **Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002); **see also Larkin**, 235 A.3d at 354; **Commonwealth v. Leatherby**, 116 A.3d 73, 78 (Pa. Super. 2015). Therefore, we will first consider whether a breakdown occurred.

Instantly, the record indicates that Appellant filed a *pro se* response to the Rule 907 notices, which the PCRA court apparently issued in at least two of the four cases. In those responses, Appellant alleged PCRA counsel's ineffectiveness and requested the appointment of new counsel or a **Grazier**

---

not necessary when a PCRA court's order misinformed the appellant that he could take an appeal filing **a** notice of appeal). Therefore, there was no breakdown in terms of the need to file separate notices of appeal at all four trial court docket numbers. **See id.**

hearing, as well as leave to amend his PCRA petition. Neither PCRA counsel nor the PCRA court took any action on Appellant's *pro se* responses.[8]

Although PCRA counsel remained counsel of record, Appellant acted *pro se* and mailed at least one copy of his notice of appeal, which as noted above, the clerk docketed one day late in the PCRA court. The PCRA court subsequently issued its orders for Rule 1925(b) statements, which the court served on PCRA counsel. Again, Appellant acted *pro se* to file the requisite statement.

Furthermore, the current record lacks any indication that PCRA counsel took action with respect to Appellant's *pro se* appeal until filing a docketing statement on Appellant's behalf on February 3, 2019. Additionally, in his motion for extension of time to file a brief, PCRA counsel indicated that he suffered health issues in "late December 2018/early January 2019," near the time Appellant's notice of appeal and Rule 1925(b) statement would have been due.

Based on this record, we decline at this juncture to quash these appeals based on facial untimeliness of Appellant's *pro se* notice of appeal or his apparent non-compliance with **Walker** and **Johnson**. Specifically, there

---

[8] We note that this Court recently held that a PCRA petitioner who properly preserves claims of his PCRA counsel's ineffectiveness in a proper response to a Rule 907 notice may be entitled to the appointment of substitute PCRA counsel. **Commonwealth v. Betts**, --- A.3d ---, ---, 2020 PA Super 225, 2020 WL 5524288, at *7 (Pa. Super. filed Sept. 15, 2020). However, we must first resolve the jurisdictional issues before addressing the possible merits of an appeal.

remain issues of fact to be resolved by the trial court as to the propriety of Appellant's *pro se* attempts to protect his appellate rights while he was represented by PCRA counsel and whether PCRA counsel effectively abandoned Appellant during the time period that Appellant filed his *pro se* notice of appeal. **See generally Leatherby**, 116 A.3d at 78-79. Because the disposition of these issues is a necessary predicate for this Court to determine whether there is appellate jurisdiction that cannot be resolved from the face of the record, we are constrained to remand this matter for further proceedings.

On remand, the PCRA court shall consider whether PCRA counsel abandoned Appellant for the purpose of taking this appeal. If the PCRA court determines that PCRA counsel did not abandon Appellant, the PCRA court shall consider whether Appellant timely filed his *pro se* notice of appeal and whether Appellant separately filed notices of appeal compliant with **Walker** and **Johnson**. The PCRA court may consider any additional evidence it deems necessary to resolve these issues. Additionally, the PCRA court shall prepare a supplemental opinion with its findings of fact and conclusions of law concerning these subject issues. Further, the PCRA court shall transmit a supplemental record to this Court containing any additional transcripts and its supplemental opinion within sixty days of the date of this decision. Given the intermittent scheduling of court closings due to the pandemic, the PCRA court may request additional time should circumstances require it.

Case remanded with instructions. Panel jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/16/2020*